IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JJBR INVESTMENTS LLC DBA AIRPORT FOOD MART, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-01793 |
| AMGUARD INSURANCE COMPANY, | § § § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AmGUARD Insurance Company ("Defendant") hereby removes this action from the 334th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and as grounds for removal state as follows:

### I.  STATE COURT ACTION

1.  On April 10, 2019, JJBR Investments LLC DBA Airport Food Mart ("Plaintiff") filed his Original Complaint (the "Complaint") in the 334th Judicial District Court of Harris County, Texas, styled *JJBR Investments LLC DBA Airport Food Mart v. AmGUARD Insurance Company*, Cause No. 201925546 (the "State Court Action").

2.  Plaintiff asserts claims relating to an alleged improperly denied insurance claim concerning a theft that occurred at Plaintiff's business on or about April 13, 2017. *See* Compl. ¶¶ 11–16. Based on this allegation, Plaintiff asserts causes of action for violations of the Texas Deceptive Trade Practices Act, common law fraud, negligence, negligent misrepresentation, negligent hiring, and breach of contract. *Id.* ¶¶ 27–26. Plaintiff seeks monetary relief in excess of

$200,000, unspecified damages for actual and economic damages, exemplary damages, and attorney's fees. *Id.* ¶¶ 5, 37–41, prayer.

3. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(b)(2), 1441, 1446(a).

5. This removal is timely. 28 U.S.C. § 1446(b). Defendant is removing this case within thirty days of being served with process.

6. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit C** | List of all Counsel of Record |
| **Exhibit D** | State Court Docket Sheet |
| **Exhibit D-1** | Plaintiff's Original Complaint |
| **Exhibit D-2** | Citation |
| **Exhibit D-3** | Citation Request |
| **Exhibit D-4** | Return |
| **Exhibit D-5** | Defendant's Original Answer |

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously, with the filing of this Notice of Removal, (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 334th Judicial District Court of Harris County, Texas.

## III.     DIVERSITY OF CITIZENSHIP

8.     The Court has diversity jurisdiction in this matter.  Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant.  As shown below, the amount in controversy requirement is also satisfied.

### A.     Diversity of Citizenship

9.     Plaintiff is a Texas limited liability company.  Compl. ¶ 2.  Thus, Plaintiff is a citizen of Texas.  The citizenship of a limited liability company is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Upon information and belief, Plaintiff's members are Abraham Joseph, Joseph Koyithra, James Oliyil, and Bijo Mathew.  Upon information and belief, all of Plaintiff's members are citizens of Texas.

10.    Defendant is a corporation organized under Pennsylvania law with its principal place of business in Wilkes Barre, Pennsylvania.  Consequently, Defendant is a citizen of Pennsylvania.  *See* 28 U.S.C. § 1332(c).

11.    Because Plaintiff is a citizen of Texas and Defendant is a citizen of Pennsylvania, there is complete diversity among the parties.  *See* 28 U.S.C. § 1332(c)(1).

### B.     Amount in Controversy

12.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003).  A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy

more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

13. A plaintiff's pleading for a specific sum made in good faith is deemed the amount in controversy. 28 U.S.C. § 1446(c)(2). Here, Plaintiff specifically seeks "monetary relief over $200,000 but not more than $1,000,000." Compl., ¶ 5. Although Defendant vehemently denies that Plaintiff is entitled to any damages or relief, when the requested actual damages, exemplary damages, and attorney's fees are included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* ¶¶ 37–45, prayer.

14. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant remove this action from the 334th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

*[signature]*

Susan A. Kidwell
State Bar No. 24032626
S.D. Tex. Bar No. 631211
Daniel Durel**l**  (Attorney-in-Charge)
State Bar No. 24078450
S.D. Tex. Bar No. 2745564
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 16th day of May 2019, to the following:

**VIA US MAIL AND FACSIMILE**
Rahul Lamba
11211 Katy Freeway, Ste 250
Houston, Texas 77079
Email: lawofficeofrahullamba@gmail.com
*Counsel for Plaintiff*

*[signature]*

Daniel Durell