# EXHIBIT D

**HCDistrictclerk.com**       JJBR INVESTMENTS LLC (DBA AIRPORT FOOD       5/16/2019
                              MART) vs. AMGUARD INSURANCE COMPANY
                              Cause: 201925546          CDI: 7       Court: 334

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| File Date | 4/10/2019 | Court | 334th |
| Case (Cause) Location | | Address | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686500 |
| Case (Cause) Status | Active - Civil | | |
| Case (Cause) Type | Debt/Contract - Consumer/DTPA | | |
| Next/Last Setting Date | N/A | JudgeName | STEVEN KIRKLAND |
| Jury Fee Paid Date | 4/10/2019 | Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| JJBR INVESTMENTS LLC (DBA AIRPORT FOOD MART) | PLAINTIFF - CIVIL | | LAMBA, RAHUL NARENDRANATH |
| AMGUARD INSURANCE COMPANY | DEFENDANT - CIVIL | | DURELL, DANIEL GLENN |
| AIRPORT FOOD MART | PLAINTIFF - CIVIL | | LAMBA, RAHUL NARENDRANATH |

AMGUARD INSURANCE COMPANY (A
NONRESIDENT CORPORATION) BY SERVING       REGISTERED AGENT

1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 5/13/2019 | ANSWER ORIGINAL PETITION | | | 0 | | DURELL, DANIEL GLENN | AMGUARD INSURANCE COMPANY |
| 4/10/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 4/10/2019 | ORIGINAL PETITION | | | 0 | | LAMBA, RAHUL NARENDRANATH | AIRPORT FOOD MART |
| 4/10/2019 | ORIGINAL PETITION | | | 0 | | LAMBA, RAHUL NARENDRANATH | JJBR INVESTMENTS LLC (DBA AIRPORT FOOD MART) |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | AMGUARD INSURANCE COMPANY (A NONRESIDENT CORPORATION) BY SERVING | 4/10/2019 | 4/12/2019 | | | | 73613615 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | | | 1999 BRYAN STREET SUITE 900 DALLAS TX 75201 | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 85214656 | DEFENDANT AMGUARD INSURANCE COMPANY'S ORIGINAL ANSWER: | | 05/13/2019 | 3 |
| 84803386 | Certified mail tracking number (7016 1370 0001 2031 9580) | | 04/12/2019 | 2 |
| 84932513 | Certified Mail Receipt | | 04/12/2019 | 1 |
| sensitive | Plaintiffs Original Petition | | 04/10/2019 | 12 |
| -> 84735146 | Civil Process Request | | 04/10/2019 | 1 |

# EXHIBIT D-1

4/10/2019 9:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32653786
By: Miaeda Hutchinson
Filed: 4/10/2019 9:45 AM

NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA.

NO. _____

| | | |
|---|---|---|
| **JJBR INVESTMENTS LLC DBA AIRPORT FOOD MART**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| | §<br>§ | |
| **V.** | §<br>§ | **_____ JUDICIAL DISTRICT** |
| **AMGUARD INSURANCE COMPANY** | §<br>§ | |
| **Defendant.** | §<br>§ | **OF HARRIS COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

　　　　**NOW COMES** JJBR Investments LLC DBA Airport Food Mart, hereinafter called Plaintiff, complaining of and about AmGuard Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

　　　　1.　　　　Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

　　　　2.　　　　Plaintiff, JJBR Investments LLC DBA Airport Food Mart, is a Limited Liability Company whose address is 8035 W. Airport Blvd., Suite 112, Houston, Texas 77071.

　　　　3.　　　　Defendant AmGuard Insurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, its registered office.  Service of said Defendant as described above can be effected by certified mail,

1

return receipt requested.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks:

        a.      monetary relief over $200,000 but not more than $1,000,000.

6.      This court has jurisdiction over Defendant AmGuard Insurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over AmGuard Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant AmGuard Insurance Company to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8.      Furthermore, Plaintiff would show that Defendant AmGuard Insurance Company engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and said Defendant committed a tort in whole or in part in Texas.

9.      Venue is mandatory in Harris County, Texas, because all or substantial part of the events giving rise to the lawsuit occured in this county (see Tex. Civ. Prac. &

Rem. Code Section 15.002 and the insured property that is the basis of this lawsuit is located in Harris County, Texas. See Tex. Ins. Code Section 2210.552 and Tex. Civ. Prac. & Rem. Code Section 15.032.

10.     Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.035(b) of the Texas Civil Practice and Remedies Code because this action involves a contractual obligation in connection with a consumer transaction and AmGuard Insurance Company, Defendant herein, signed the contract in this county.

## FACTS

11.     Plaintiff is the owner of insurance Policy Number JJBP715993 issued by Defendant Amguard (Hereinafter referred to as the "Policy").

12.     On or about April 13, 2017 there was a theft that occurred at Plaintiff's business and caused considerable damage to Plaintiff's property. All payments on the Policy were current and the policy was in full force and effect on the date of the loss.

13.     Plaintiff submitted the claim in proper form and within the time specified in the insurance policy.

14.     Defendant failed to pay for all the damages sustained.

15.     Defendant failed to account for all the damages sustained.

16.     Defendant failed to properly estimate the value of all damages sustained. As a result of these actions by Defendant, Plaintiff suffered loss.

## DECEPTIVE TRADE PRACTICES

17.     Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive

3

Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

18.     Unconscionable Action or Course of Action.   Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

19.     Violations of Section 17.46(b).  Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not and

(b)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

20.     Unfair Claim Settlement Practices.   Plaintiff contends that Defendant's conduct violates the prompt payment statues, Tex. Ins. Code Section 542.057 and Section 542.058 and is a breach of Policy issued by Defendant.

542.057(a) Payment of Claim: Except as otherwise provided in this section, if any insurer will pay a claim or a part of a claim, the insurer shall pay the claim no later than the fifth business day after the date notice is made.

Defendant engaged in unfair claim settlement practices prohibited by Section

4

541.060 of the Texas Insurance Code, to wit:

(a)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and

(b)    refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(c)

21.    Misrepresentation of Insurance Policy.    Defendant misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

(a)    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

(b)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

22.    Unfair and Deceptive Acts or Practices.    Defendant also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a)    either:

(1)    making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(A)    the terms of the policy;

(B)    the benefits or advantages promised by the policy; or

5

(C)    the dividends or share of surplus to be received on the policy;

(2)    making a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3)    making a misleading representation or misrepresentation regarding:

(A)    the financial condition of an insurer; or

(B)    the legal reserve system on which a life insurer operates;

(4)    using a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies; or

(5)    making a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy; and

(b)    making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business.

23.    <u>DTPA Violations under Other Statute</u>.   Plaintiff would further show that

Defendant engaged in false, misleading or deceptive acts as provided by the following "tie-in" statute:   the Business Opportunity Act (Texas Business & Commerce Code, Section 51.302).

24.   <u>Producing Cause</u>.   Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

25.   <u>Reliance</u>.   Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

26.   <u>Written Notice Impracticable</u>.   Plaintiff would show that the giving of 60 days' written notice was rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations herein.

## COMMON LAW FRAUD

27.   Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to its detriment.

28.   Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

7

29.    As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

### NEGLIGENCE

30.    In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty to pay for all the losses covered under the insurance policy issued to and paid for by the Plaintiff.

31.    Plaintiff would show that Defendant failed to exercise ordinary care in performing such duty.  The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiff described more fully hereinbelow, for which Defendant is liable to Plaintiff.

### NEGLIGENT MISREPRESENTATION

32.    Plaintiff would show that Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiff in the transactions described hereinabove.  Defendant failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

33.    Plaintiff therefore asserts a cause of action for negligent misrepresentation against Defendant, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

34.     Plaintiff would show that Defendant AmGuard Insurance Company owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendant's employees.

35.     Plaintiff would further show that Defendant AmGuard Insurance Company failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees.   These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF CONTRACT

36.     Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

37.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a)     Out-of-pocket expenses, including but not limited to shutting down of the business operation.

9

(b)     Loss of use.

(c)     Lost profits.

(d)     Loss of credit and damage to credit reputation.

(e)     Interest and/or finance charges assessed against and paid by Plaintiff.

(f)     Loss of the "benefit of the bargain."

(g)     Diminished or reduced market value.

(h)     Lost earnings.

## MULTIPLE DAMAGES

38.     Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

39.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

40.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

41.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said

Defendant at the expense of Plaintiff.  In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## WAIVER AND ESTOPPEL

42.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## MISNOMER/ALTER EGO

43.    In the event that any parties are misnamed or are not included herein it is Plaintiffs' contention that such was a "misidentification", "misnomer", and /or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs' contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## NOTICE PURSUANT TO TRCP 193.7

44**.**    Plaintiffs hereby give notice to all parties that Plaintiffs intend to use any and all documents that are produced by a party against that party in pretrial proceedings or at trial pursuant to TRCP 193.7.

## ATTORNEY'S FEES

45.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas

Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code;
(c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, JJBR Investments LLC
DBA Airport Food Mart, respectfully prays that the Defendant be cited to appear and
answer herein, and that upon a final hearing of the cause, judgment be entered for the
Plaintiff against Defendant for the economic and actual damages requested
hereinabove in an amount in excess of the minimum jurisdictional limits of the Court,
together with prejudgment and postjudgment interest at the maximum rate allowed by
law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff
may be entitled at law or in equity, whether pled or unpled.


Respectfully submitted,

Lamba & Associates, PC


By:   /s/ Rahul Lamba
　　　Rahul Lamba
　　　Texas Bar No. 24031415
　　　Email:  lawofficeofrahullamba@gmail.com
　　　11211 Katy Freeway, Ste 250
　　　Houston, Texas 77079
　　　Tel. (713) 467-7844
　　　Fax. (713) 467-7637
　　　Attorney for Plaintiff
　　　JJBR Investments LLC DBA Airport Food
　　　Mart


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

12

# EXHIBIT D-2

4/10/2019 9:45:22 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32653786
By: HUTCHINSON, MIAEDA A
Filed: 4/10/2019 9:45:22 AM

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

**Name(s) of Documents to be served:**  Plaintiff's Original Petition

**FILE DATE:** 04/10/2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be**

**Served):**

**Issue Service to:**  AmGuard Insurance Company

Address of Service:  _____

City, State & Zip: _____

Agent (if applicable) CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____
    **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Rahul Lamba/Plaintil Bar # or ID   24031415

Mailing Address: 11211 Katy Freeway, Suite 250, Houston,

Phone Number: 713-467-7844

# EXHIBIT D-3

CAUSE NO. 201925546

RECEIPT NO.          75.00    CTM
     **********     TR # 73613615

| | |
|---|---|
| PLAINTIFF: JJBR INVESTMENTS LLC (DBA AIRPORT FOOD MART)<br>      vs.<br>DEFENDANT: AMGUARD INSURANCE COMPANY | In The    334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: AMGUARD INSURANCE COMPANY (A NONRESIDENT CORPORATION) BY SERVING
     THE REGISTERED AGENT CT CORPORATION SYSTEM

     1999 BRYAN STREET SUITE 900    DALLAS TX 75201 - 3136

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of April, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 12th day of April, 2019, under my hand and
seal of said Court.

**Issued at request of:**
LAMBA, RAHUL NARENDRANATH
11211 KATY FREEWAY, SUITE 250
HOUSTON, TX 77079
Tel: (713) 467-7844
Bar No.: 24031415

*cpmaj Burgen*

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DENMON, BRIANNA JANEL   3B5//11204159

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____     ADDRESS

_____     Service was executed in accordance with Rule 106
(a) ADDRESSEE                (2) TRCP, upon the Defendant as evidenced by the
_____       return receipt incorporated herein and attached
                          hereto at

                          on _____ day of _____, _____
                          by U.S. Postal delivery to _____

                          This citation was not executed for the following
                          reason: _____
                          _____

                          MARILYN BURGESS, District Clerk
                          Harris County, TEXAS

                          By _____, Deputy

N.INT.CITM.P

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

*73613615*

~7016 1370 0001 0031 4580

CAUSE NO.   201925546

RECEIPT NO.                                      75.00      CTM
          **********                            TR # 73613615

PLAINTIFF: JJBR INVESTMENTS LLC (DBA AIRPORT FOOD MART)     In The    334th
          vs.                                               Judicial District Court
DEFENDANT: AMGUARD INSURANCE COMPANY                        of Harris County, Texas
                                                            334TH DISTRICT COURT
                                                            Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: AMGUARD INSURANCE COMPANY (A NONRESIDENT CORPORATION) BY SERVING
    THE REGISTERED AGENT CT CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>10th day of April, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of April, 2019, under my hand and
seal of said Court.



                                            MARILYN BURGESS, District Clerk
Issued at request of:                       Harris County, Texas
LAMBA, RAHUL NARENDRANATH                   201 Caroline, Houston, Texas 77002
11211  KATY FREEWAY, SUITE 250              (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77079
Tel: (713) 467-7844
Bar No.: 24031415                           Generated By: DENMON, BRIANNA JANEL  3B5//11204159

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation   together   with   an   attached   copy   of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____        ADDRESS

                                        Service was executed in accordance with Rule 106
_____            (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                               return receipt incorporated herein and attached
                                           hereto at

_____         on _____ day of _____, _____
                                        by U.S. Postal delivery to _____

                                        _____

                                        This citation was not executed for the following
                                        reason: _____
                                        _____

                                        MARILYN BURGESS, District Clerk
                                        Harris County, TEXAS

                                        By _____, Deputy

N.INT.CITM.P                    *73613615*

# EXHIBIT D-4

2019-25546



04-12-19

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and
$

Sent To

AMGUARD INSURANCE COMPANY C/O
CT CORPORATION SYSTEM 1999 BRYAN
STREET SUITE 900 DALLAS TX 75201 - 3136

*Street and Apt. N*

*City, State, ZIP+*

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7016 1370 0001 2031 9580

APR 1 2 2019
Marilyn Burgess
District Clerk
RECEIVED
2019 25546
334th Court
Postmark Here
HOUSTON

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

# EXHIBIT D-5

5/13/2019 8:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33499243
By: Anais Aguirre
Filed: 5/13/2019 8:40 AM

CAUSE NO. 2019-25546

| | | |
|---|---|---|
| JJBR INVESTMENTS LLC DBA | § | IN THE DISTRICT COURT |
| AIRPORT FOOD MART, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 334TH JUDICIAL DISTRICT |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| *Defendant*. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT AMGUARD INSURANCE COMPANY'S ORIGINAL ANSWER

Defendant AmGUARD Insurance Company's ("AmGUARD") files this Original Answer to Plaintiff's Original Petition a (the "Petition") filed by Plaintiff JJBR Investments LLC DBA Airport Food Mart ("Plaintiff"), and respectfully shows the Court as follows:

## I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, AmGUARD generally denies each and every, all and singular, the allegations set forth in the Petition and demands strict proof thereof.

## II.    AFFIRMATIVE AND OTHER DEFENSES

In addition to its general and verified denials above, and without assuming the burden of proof thereon, AmGUARD asserts the following defenses:

1.    Plaintiff's claims are barred in whole or in part because it fails to state a claim for which relief may be granted.

2.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, laches, waiver, and/or estoppel (in all its forms).

3.    Plaintiff's claims are barred in whole or in part by the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and applicable Texas law.

4.      Any loss or damage allegedly suffered by Plaintiff was caused, in whole or in part, by Plaintiff's own conduct, acts, and/or omissions.

5.      Plaintiff's claims are barred in whole or in part by the economic loss rule.

6.      Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages, if any.

7.      Plaintiff's claims are barred in whole or in part by the terms, conditions, exceptions, and exclusions contained within the Policy at issue.

8.      Plaintiff's attorney's fees are not recoverable, reasonable, or necessary.

9.      Plaintiff has not complied with all conditions precedent to Plaintiff's requested recovery, including but not limited to, notice provisions.

### III.    <u>**PRAYER**</u>

WHEREFORE, PREMISES CONSIDERED, Defendant AmGUARD respectfully prays that upon final hearing hereof, judgment be rendered that Plaintiff take nothing by its suit and that AmGUARD be granted all relief, general and special, to which it may be justly entitled.

2

Respectfully submitted,

LOCKE LORD LLP

By: _____

**Susan A. Kidwell**
State Bar No. 24032626
**Daniel Durell**
State Bar No. 24078450
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
skidwell@lockelord.com
daniel.durell@lockelord.com

**ATTORNEYS FOR AMGUARD INSURANCE
COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on this the 13th day of May, 2019, as indicated below to the following and to each counsel of record registered with the e-filing system:

**VIA E-SERVICE AND EMAIL**
Rahul Lamba
11211 Katy Freeway, Ste 250
Houston, Texas 77079
Email: lawofficeofrahullamba@gmail.com
*Attorney for Plaintiff*

_____
Daniel Durell